

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00715-CR

Felix **VILLARREAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR5623
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
               Luz Elena D. Chapa, Justice
               Jason Pulliam, Justice

Delivered and Filed:  December 9, 2015

DISMISSED FOR WANT OF JURISDICTION

On March 21, 2014, the trial court imposed sentence on Felix Villarreal and certified the case was a plea-bargain case in which Villarreal had no right of appeal. Villarreal did not file a motion for new trial. The deadline for filing a notice of appeal was therefore April 20, 2014. TEX. R. APP. P. 26.2(a)(1). A notice of appeal was not filed until November 5, 2015, and the envelope in which the notice of appeal was mailed was not postmarked until November 3, 2015.

On November 5, 2015, Villarreal also filed a request in the trial court for permission to file an out of time appeal because, as he alleges in his motion, he did not knowingly waive his right to

an appeal. Although we construe Villarreal's request as a request to file a motion for extension of time to file the notice of appeal, the request is untimely. *See* TEX. R. APP. P. 26.3.

Because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH